USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First CircuitNo. 97-2275 SECURITIES AND EXCHANGE COMMISSION, Plaintiff, Appellee, v. ELLIS L. DEYON, ET AL., Defendants, Appellees. __________  BRADLEY T. GULLETT,  Defendant, Appellant. ____________________ No. 97-2276 SECURITIES AND EXCHANGE COMMISSION,  Plaintiff, Appellee,  v.  ELLIS L. DEYON, ET AL.,  Defendants, Appellees.  __________  SHERWOOD H. CRAIG,  Defendant, Appellant. ______________________No. 97-2277 SECURITIES AND EXCHANGE COMMISSION,  Plaintiff, Appellee,  v.  ELLIS L. DEYON, ET AL.,  Defendants, Appellees. __________  WILLIAM HANKE,  Defendant, Appellant.  APPEALS FROM THE UNITED STATES DISTRICT COURT  FOR THE DISTRICT OF MAINE  [Hon. Morton A. Brody, U.S. District Judge]  Before  Boudin, Circuit Judge, Coffin, Senior Circuit Judge, and Lynch, Circuit Judge.   Bradley T. Gullett on brief pro se. Sherwood H. Craig on brief pro se. Richard H. Walker, General Counsel, Jacob H. Stillman,Associate General Counsel, Katharine B. Gresham, Assistant GeneralCounsel, and Diane v. White, Senior Counsel, on brief for theSecurities and Exchange Commission, appellee.July 1, 1998 Per Curiam. Having carefully reviewed the record in this case, including the briefs of the parties, we affirm the judgment of the district court, essentially for the reasons given by the district court in its findings of fact and conclusions of law, dated August 21, 1997. We limit ourselves  to the following remarks.  Like the district court, we find that the investment of pooled funds in a common account from which investors were to be paid interest on a pro rata basis constitutes a "common enterprise" for the purpose of investment contract analysis.  The claim that the fixed interest payments promised investors does not constitute "profit" was not raised with sufficient clarity below and hence has been waived on appeal absent exceptional circumstances. See In re Rauh, 119 F.3d 46, 51 (1st. Cir. 1997). No such circumstances exist in this case. We further find no clear error in the district court determination that defendants/appellants acted with the required scienter in offering these securities. Finally, the district court did not abuse its discretion in imposing the penalties it assessed or in denying the belated request for a jury trial made by defendants/appellants. Affirmed.